UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KIMBERLY POTTER,**

    **Plaintiff,**

    v.

**DEBRA GORRELL WEHRLE,** *et al.***,**

    **Defendants.**

Case No. 2:22-cv-2473
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court for consideration of Defendants Ohio Attorney General, Debra Gorrell Wehrle, and Aubrey Cook's ("Defendants") Motion to Dismiss (ECF No. 12), Plaintiff Kimberly Potter's Memorandum in Opposition (ECF No. 13), Defendants' Reply (ECF No. 14), Defendants' Supplemental Memorandum in Support of its Motion to Dismiss and Alternative Motion to Unseal (ECF No. 18), and Plaintiff's Supplemental Memorandum and Authority in Support of Memorandum in Opposition to Defendants' Motion to Dismiss Pursuant to Order (Doc. 17) (ECF No. 19). For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED without prejudice**.

### I. RELEVANT BACKGROUND

Plaintiff brings a single claim against Defendants for malicious prosecution, arising from Defendants' "misguided investigation" into the death of James Chandler, a patient at Whetstone Gardens and Care Center ("Whetstone"), and the subsequent prosecution of Plaintiff, a certified nurse practitioner contracted to work at Whetstone. (Compl. ¶¶ 1, 10-11, ECF No. 1.)

In order to prevail on her § 1983 malicious prosecution claim, Plaintiff must prove that she "suffered a deprivation of liberty because of the legal proceeding . . . ." *Jones v. Clark County,*

*Kentucky*, 959 F.3d 748, 756 (6th Cir. 2020) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010)). Defendants Motion to Dismiss asserted, *inter alia*, that Plaintiff's Complaint fails to allege facts establishing that Plaintiff suffered a deprivation of liberty because of the prosecution against her. (Mot. to Dismiss, ECF No. 11-13.) In response, Plaintiff's opposition brief cited to paragraph 37 of the Complaint as establishing the deprivation-of-liberty element of her claim:

> Ms. Potter is a licensed Certified Nurse Practitioner, and she was indicted three times on serious homicide charges. As such, Ms. Potter has become unemployable in her field while her charges were pending and continues to suffer loss of income. She has alleged that "[a]s a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered extensive economic damage, forever reduced future professional employment opportunities . . . ." Complaint, at ¶ 37.

(Opp'n, ECF No. 13, p. 8.) Plaintiff's Complaint also alleges that "[t]he legal proceedings instituted against Plaintiff deprived her of her liberty and property." (Compl. ¶ 34, ECF No. 1.) The remainder of her Complaint does not appear to address this element of her claim.

Recognizing the absence of additional factual allegations demonstrating that Plaintiff was deprived of her liberty, coupled with the undersigned's familiarity with state criminal procedure, the undersigned directed counsel for Plaintiff to file any documents related to Plaintiff's conditions of pretrial release for the underlying state criminal cases. (*See* ECF No. 15.)

On February 6, 2023, the Court received sealed records detailing Plaintiff's pretrial release conditions. (*See* ECF No. 17.) These conditions consisted of the following: in Case No. 20 CR 000963, the Common Pleas judge conditioned Plaintiff's pretrial release on her agreement to a $5,000 recognizance bond. (*Id.*) Plaintiff was also restricted from contacting certain witnesses and alleged victims listed in the indictment and was prohibited from being within 500 feet of the address listed in the indictment. (*Id.*) In Case No. 19 CR 000763, Plaintiff was released on a $5,000 recognizance bond. (*Id.*) And in Case No. 20 CR 003803, Plaintiff was released on a $1,000 recognizance bond. (*Id.*) After reviewing these records, the undersigned directed each party to file

a supplemental memorandum addressing this new information as it pertained to the pending Motion to Dismiss. (*Id.*) On March 3, 2023, Defendants filed their supplemental memorandum, and Plaintiff filed her response 10 days later. (ECF Nos. 18, 19, respectively.)

## II. DISCUSSION

Although the contents of the sealed records may establish that Plaintiff suffered a deprivation of her liberty, they are not a part of Plaintiff's Complaint, and therefore the Court does not find it appropriate to consider these records in connection with Defendants' Motion to Dismiss. First and foremost, these records are not considered part of Plaintiff's pleadings under Federal Rule of Civil Procedure 7(a). *See* Fed. R. Civ. P. 7(a) (identifying the following documents as a pleading: "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer"). Second, to the extent these records may allow Plaintiff's Complaint to survive a 12(b)(6) motion to dismiss, they should be in a pleading to give Defendants proper notice of the claim against them and why Plaintiff is entitled to relief, as required under Federal Rule of Civil Procedure 8(a).

Accordingly, given the relevance of the sealed records to Plaintiff's malicious prosecution claim, the Court will permit Plaintiff to amend her Complaint provided that she cures the deficiencies brought to light in this Order.

## III. CONCLUSION

For the reasons stated herein, it is **ORDERED and ADJUDGED** as follows:

- Defendants' Motion to Dismiss is **DENIED without prejudice**. (ECF No. 12.).

- Plaintiff is **DIRECTED** to file a motion for leave to amend her Complaint, accompanied by her proposed amended complaint within **fourteen (14) days** of this Order. If Plaintiff files a motion for leave to amend and it is granted, Defendants will have **twenty-one (21) days** to respond to the amended complaint with an

3

answer or another motion. If Plaintiff does not move to amend by the deadline, the Court will take up the Motion to Dismiss as it is currently briefed and consider Plaintiff to have forfeited her opportunity to amend her Complaint.

- The Clerk is **DIRECTED** to file <u>under seal</u> the sealed records referenced in the Court's February 21, 2023 Order (ECF No. 17).

This case remains open.

**IT IS SO ORDERED.**


**March 27, 2023**             s/ Edmund A. Sargus, Jr.
**DATE**                       **EDMUND A. SARGUS, JR.**
                               **UNITED STATES DISTRICT JUDGE**