UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kimberly Potter,

    Plaintiff,

v.

Debra Gorrell Wehrle, et al.,

    Defendants.

Case No. 2:22-cv-2473

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Debra Gorrell Wehrle ("Wehrle"), Aubrey Cook ("Cook"), and Ohio Attorney General ("Ohio AG," collectively "Defendants") move to dismiss Kimberly Potter's ("Plaintiff") Amended Complaint. ECF No. 26. Plaintiff moves to drop Cook, ECF No. 34, and to again amend the complaint, ECF No. 35. For the following reasons, Plaintiff's motion to amend is **DENIED**; Plaintiff's motion to drop Cook is **GRANTED**; and Defendants' motion to dismiss is **GRANTED**.

### I.    FACTS[1]

At the relevant times, Plaintiff was a certified nurse practitioner who provided medical care to patients at Whetstone Gardens Care Center ("Whetstone"), a long-term care facility. Prop. Sec. Am. Compl. ¶¶ 8, 10, ECF No. 35-1. In September 2017, the Ohio AG began to investigate patient treatment practices at Whetstone. Id. ¶ 11. Among other things, the Ohio AG

---

[1] These facts are taken from the Proposed Second Amended Complaint, ECF No. 35-1.

alleged that a Whetstone patient died from neglect by several Whetstone employees, including Plaintiff. *Id.* The Ohio AG prosecuted Plaintiff for that death. *Id.* ¶¶ 13–18.

Wehrle is an assistant prosecutor with Ohio AG, and Cook is a special agent with Ohio AG. *Id.* ¶ 12. Plaintiff alleges that Wehrle and Cook engaged in various types of wrongful conduct related to Plaintiff's prosecution, including creating false records and improperly leading witness interviews. *Id.* After a series of indictments (two of which were dismissed on Plaintiff's motions), Plaintiff went to trial on multiple counts, including two counts of involuntary manslaughter. *Id.* ¶¶ 13–18. At the end of the prosecution's case, the trial court granted Plaintiff's motion for judgment of acquittal on all charges. *Id.* ¶ 18.

Plaintiff's Proposed Second Amended Complaint asserts that the three Defendants maliciously prosecuted her. *Id.* ¶¶ 25–38, ECF No. 35-1.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is that cases should be tried on their merits rather than the technicalities of pleadings." *Arriola v. Commonwealth of Kentucky*, No. 19-5036, 2019 WL 7567195, at *3 (6th Cir. Aug. 13, 2019) (cleaned up). Still, "a motion to amend a complaint should be denied if the amendment would be futile and could not withstand a motion to dismiss." *Evans*

*v. DHL Supply Chain*, No. 20-5489, 2021 WL 1923095, at *2 (6th Cir. Jan. 5, 2021) (citation omitted).

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

Defendants argue that Plaintiff's proposed malicious prosecution claims are futile. Amend. Resp., ECF No. 37. The Court agrees.[2] Because the Court agrees the proposed claims are futile, the Court need not determine whether amendment would otherwise be proper under Rule 15. See Evans, 2021 WL 1923095, at *2 (explaining that leave to amend should be denied if amendment would be futile).

### A. Ohio AG

Defendants argue that the proposed claim against Ohio AG is futile because of Eleventh Amendment immunity and lack of standing. Amend. Resp. 2, ECF No. 37. The Court addresses each argument, in turn.

#### 1. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State." U.S. Const. Amend. XI. "It has long been settled that the Eleventh Amendment applies not only to suits brought against a State by a citizen of 'another State,' but also to suits brought by a citizen against the State in which he or she resides." Lee Testing & Eng'g, Inc. v. Ohio Dept. of Transp., 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012) (citing Hans v.

---

[2] Plaintiff argues that the Court should not consider futility at this time. Amend. Reply, ECF No. 38. As outlined above, caselaw supports considering futility.

*Louisiana*, 134 U.S. 1 (1890)). Thus, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments[.]" *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citation omitted). When suits are filed against state agencies or state officials in their official capacities, they "should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation omitted). However, this Eleventh Amendment immunity "does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)).

Here, Plaintiff seeks both damages and prospective injunctive relief from Ohio AG. *See* Prop. Sec. Am. Compl. 13, ECF No. 35-1. To the extent Plaintiff asserts a claim against the *office* of the "Ohio Attorney General", that claim is barred by the Eleventh Amendment. *See Winkle v. Sargus*, No. 2:14-CV-0003, 2014 WL 994662, at *3 (S.D. Ohio Mar. 13, 2014) (holding that claims against the Office of the Ohio Attorney General are barred by Eleventh Amendment immunity).

To the extent that Plaintiff asserts her claim against the *person* who serves as "Ohio Attorney General", the Eleventh Amendment does not bar the claim for prospective injunctive relief but does bar a claim for damages.

### 2. Standing

Because of the Eleventh Amendment, the only viable claim Plaintiff has against Ohio AG is one for prospective injunctive relief. However, Plaintiff lacks standing to pursue that claim.

Pursuant to Article III of the United States Constitution, federal jurisdiction is limited to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). If a plaintiff lacks standing, then the federal court lacks jurisdiction. *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950–51 (2019). Thus, standing is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Article III standing has three elements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). Third, it must be likely that the injury will be "redressed by a favorable decision." *Id.* at 561.

When, as here, a plaintiff seeks only injunctive relief, there are additional considerations. "[P]ast injury alone will not give the plaintiff standing to seek a forward-looking injunction[.]" *Thompson v. Whitmer*, No. 21-2602, 2022 WL 168395, at *2 (6th Cir. Jan. 19, 2022). That is because "[a]bstract injury is not

enough" to satisfy the injury-in-fact requirement. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Instead, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct" and that "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Id.* at 101–02 (cleaned up). In short, "a request for prospective relief must be accompanied by an allegation of prospective injury." *Thompson*, 2022 WL 168395, at *2.

Plaintiff lacks standing to seek prospective injunctive relief. All the criminal prosecutions against Plaintiff are over, and double jeopardy bars retrial. *See generally*, Prop. Sec. Am. Compl., ECF No. 35-1. Moreover, the Proposed Second Amended Complaint contains no allegation (plausible or otherwise) that Plaintiff will face future criminal charges of any kind. *See generally, id.* Thus, the Proposed Second Amended Complaint does not allege any "real and immediate" threat that Plaintiff will experience the same kind of allegedly unconstitutional treatment again. As a result, Plaintiff lacks standing to pursue prospective injunctive relief.

Plaintiff disagrees, arguing that she will continue to be injured by Defendants' alleged wrongdoings. Resp. 5, ECF No. 29. However, Plaintiff does not allege (or argue) that she will continue to be harmed by *future* or *continued* wrongdoing. *Id.* Instead, she argues that the effects of Defendants' *past* alleged wrongdoing will continue to injure her for the foreseeable future. *Id.* That is insufficient to create standing for prospective relief because Plaintiff does not

allege any "real and immediate" threat that Defendants will commit *new* violations of her constitutional rights again. See *Lyons*, 461 U.S. at 101–05.

Because the only claim Plaintiff could pursue against Ohio AG is one for prospective injunctive relief, and because Plaintiff lacks standing to pursue prospective injunctive relief, the Court would lack jurisdiction to consider the proposed amended claim against Ohio AG. As a result, the Proposed Second Amended Complaint is futile as to Ohio AG.

Because the above reasoning applies with equal weight to the currently operative Complaint, ECF No. 24, Plaintiff's claim against Ohio AG is **DISMISSED WITHOUT PREJUDICE.**

**B.    Cook**

Plaintiff moves to voluntarily dismiss her claim against Cook without prejudice. See ECF No. 34. Defendants (apparently) do not oppose. See Amend. Resp. 3, ECF No. 37. Plaintiff's motion is **GRANTED**; the claim against Cook is **DISMISSED WITHOUT PREJUDICE.**

**C.    Wehrle**

Plaintiff fails to state a claim for malicious prosecution against Wehrle. The Sixth Circuit recognizes a § 1983 claim for malicious prosecution based on a violation of Fourth Amendment rights. To succeed on such a claim, a plaintiff must show:

> (1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) probable cause did not support the prosecution; (3) the plaintiff suffered a deprivation of liberty because

of the prosecution; and (4) the proceeding resolved in the plaintiff's favor.

*Alexander v. Harrison*, No. 21-1828, 2022 WL 13983651, at *5 (6th Cir. Oct. 24, 2022) (quotation marks and citation omitted).

In the proposed Second Amended Complaint, Plaintiff alleges that Wehrle violated her rights as follows:

- Wehrle inserted herself directly into the Whetstone investigation, meeting with numerous Whetstone staff witnesses and inappropriately directing the interview and investigation process.

- Wehrle supervised the investigation, ultimately making the decision to bring criminal charges against Plaintiff in the first, second, and third indictments[.]

- Wehrle coached numerous Whetstone staff witnesses about the sequences and dates of events and encouraged and challenged witnesses to provide testimony consistent with the AG's unreliable and false timeline.

- Wehrle maliciously encouraged or otherwise suggested to [an expert witness] to accept the [Ohio] AG's false and unreliable timeline as a basis for the sequence of events in the Ohio AG investigation.

- Wehrle maliciously provided unreliable, false and inaccurate investigative reports . . . to [an expert witness] and encouraged him to use these reports as a basis for his expert report.

- [A]t the direction of . . . Wehrle, [an expert witness] provided either live grand jury testimony or his expert report based on the [Ohio] AG's unreliable timeline and the Ohio AG's inaccurate investigative summaries to the grand jury through testifying witnesses.

- Defendants conspired to intentionally present coached witness testimony, [a] knowingly unreliable timeline, knowingly inaccurate investigative reports, and coached false medical expert witness testimony to secure three indictments against Plaintiff, which were not otherwise supported by probable cause.

Prop. Sec. Am. Compl. ¶ 12, ECF No. 35-1. Plaintiff also alleges that Wehrle acted wrongfully when she helped obtain indictments against Plaintiff and during plea negotiations. *Id.* ¶¶ 13–17.

The problem for Plaintiff is that Wehrle is entitled to prosecutorial immunity for all her allegedly wrongful actions that could support a claim for prosecutorial misconduct.

Generally, prosecutors enjoy absolute immunity in § 1983 suits for actions that constitute an integral part of the judicial process, such as "initiating a prosecution and . . . presenting the State's case[.]" *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Further, "[i]nvestigative acts undertaken in direct preparation of judicial proceedings, including the professional evaluation of evidence, warrant absolute immunity[.]" *Cunningham v. Dep't of Child.'s Servs.*, 842 F. App'x 959, 966 (6th Cir. 2021) (citation omitted). However, "other acts, such as the preliminary gathering of evidence that may ripen into a prosecution, are too attenuated to the judicial process to afford absolute protection." *Id.* (citation omitted).

Here, Plaintiff alleges Wehrle performed some investigative actions. Construed in the light most favorable to Plaintiff, at least some of these investigative acts were preliminary and, therefore, are not covered by prosecutorial immunity. However, all of Wehrle's alleged actions beyond those preliminary investigations (*e.g.*, preparing or "coaching" lay and expert witnesses, influencing the decision to prosecute, involvement in obtaining an indictment or

plea negotiations) *are* protected by prosecutorial immunity. *Imbler*, 424 U.S. at 427 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages"); *Alexander*, 2022 WL 13983651, at *3 ("[A] prosecutor acts with absolute immunity when interviewing witnesses as he prepares for trial" (quotation marks and citation omitted)); *Frazier v. Crump*, No. 16-6687, 2017 WL 5664900, at *2 (6th Cir. Oct. 17, 2017) ("Absolute immunity attaches to a prosecutor's conduct associated with a plea bargain" (citation omitted)).

Thus, whether Plaintiff can maintain a malicious prosecution claim against Wehrle depends on whether Wehrle's acts of preliminary investigation—the only relevant acts for which Wehrle does not enjoy immunity—satisfy the "made, influenced, or participated in the decision to prosecute" element.

The Court concludes they do not. "To be liable for participating in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Richards v. Cnty. of Washtenaw,* 818 F. App'x 487, 493–94 (6th Cir. 2020) (cleaned up). Mere participation in an investigation or preparation of investigation reports (even if those reports allegedly contain outright lies) does not rise to the level of actually making, influencing, or participating in the decision to prosecute. *See Buchanan v. Metz*, 6 F. Supp. 3d 730, 744–50 (E.D. Mich. 2014) (rejecting a malicious prosecution claim when the only actionable conduct was the prosecutor's preliminary investigation); *Richards*, 818 F. App'x at 493 ("[M]erely filing an

allegedly misleading case report, without more active participation, qualifies only as 'passive or neutral' participation and is thus an insufficient basis for a malicious [] prosecution claim.").

As stated above, the allegations of Wehrle's preliminary investigations are as follows:

- Wehrle inserted herself directly into the Whetstone investigation, meeting with numerous Whetstone staff witnesses and inappropriately directing the interview and investigation process.
- Wehrle supervised the investigation[.]

Prop. Sec. Am. Compl. ¶ 12, ECF No. 35-1. In *these* allegations, Plaintiff does not allege that Wehrle did anything untoward; Plaintiff does not allege Wehrle coached witnesses to lie during interviews or knowingly passed on false information. *Id.* Indeed, neither these allegations nor any others in the Proposed Second Amended Complaint suggest that, *at the time of the preliminary investigation*, Wehrle knew or even should have known about any false information. *See generally, id.* Although Plaintiff summarily says Wehrle "inappropriately" directed the interview and investigation process, Plaintiff provides no facts to support the same (except for the fact of Wehrle's involvement which is not, on its own, inappropriate).

In sum, the vast majority of Wehrle's alleged wrongful conduct is protected by prosecutorial immunity. The only actions not protected by that immunity are Wehrle's preliminary investigatory actions. Those actions, however, cannot support a malicious prosecution claim. *See Buchanan*, 6 F. Supp. 3d at 750

("Plaintiff seeks respite from absolute immunity in the fact that [the prosecutor-defendant] participated in an investigation before his arrest. But the malicious prosecution claims set forth in his Amended Complaint make clear that he is seeking relief as a result of his prosecution. Accordingly, Plaintiff has not stated any claim to which absolute prosecutorial immunity does not apply."). Thus, the Proposed Second Amended Complaint is futile as to the claim against Wehrle.

Plaintiff argues to the contrary, relying heavily on *Rieves v. Town of Smyrna, Tennessee*, 959 F.3d 678 (6th Cir. 2020). Resp. 11–13, ECF No. 29. *Rieves* held that prosecutors do not enjoy absolute immunity for conduct during preliminary investigations. *Id.* at 690–94. The *Rieves* Court also decided that the prosecutor-defendants in that case violated the plaintiffs' constitutional rights against malicious prosecution when they made an "unreasonable" probable cause determination supported by only lab results the prosecutors knew were inconclusive. *Id.* at 694–97. As outlined above, Plaintiff has not alleged that, *during the preliminary investigation*, Wehrle relied on or promoted any false or shaky evidence. Thus, *Rieves* does not change the outcome here.

Again, this reasoning applies equally to the claim against Wehrle in the now-operative Complaint. As a result, Plaintiff's claim against Wehrle is **DISMISSED WITHOUT PREJUDICE.**[3]

---

[3] Wehrle raises the affirmative defense of qualified immunity. Mot. 16–19, ECF No. 26. Because Plaintiff's claim against Wehrle fails on the merits, the Court does not consider whether it would also be barred by qualified immunity.

## IV. CONCLUSION

For these reasons, Plaintiff's motion to amend is **DENIED**; Plaintiff's motion to drop Cook is **GRANTED**; and Defendants' motion to dismiss is **GRANTED**. The claim against Ohio AG is **DISMISSED WITHOUT PREJUDICE**; the claim against Cook is **DISMISSED WITHOUT PREJUDICE**; and the claim against Wehrle is **DISMISSED WITHOUT PREJUDICE**.

As a final matter, Plaintiff moves to file an exhibit to the Proposed Second Amended Complaint under seal. ECF No. 35. Because the Court has denied leave to amend, the motion to file under seal is **DENIED AS MOOT**.

The Clerk shall close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**